# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>RENE ANTONIO MARTINEZ,<br><br>Defendant-Petitioner. | CASE NO. 1:14-CR-158-LJO-SKO-1<br><br>ORDER NOTIFYING PETITONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255<br><br>(ECF NO. 30) |

On September 2, 2016, Defendant Rene Antonio Martinez was sentenced to a 41 month term of imprisonment based upon his guilty plea to one count of being a deported alien found in the United States, a violation of 8 U.S.C. § 1326(a). No plea agreement was on file at the time of sentencing. ECF No. 24. In a letter filed in October 2016 and a "Motion for Reconsideration" filed March 2, 2017, Defendant asserts that he was offered a fast track plea agreement that would have resulted in a shortened sentence. *See* ECF Nos. 29 & 30. Defendant claims to have expressed (or attempted to express) to his attorney an intention to accept that plea offer. *Id*. Defendant generally claims that his attorney has been non-responsive to communications. *See* ECF. Nos. 28, 29, 30. Defendant's March 2, 2017 Motion for Reconsideration asks for "reconsideration" of his 41 month sentence and that he be re-sentenced according to the "offer of 24[] months." ECF No. 30 at 1.

The Court lacks jurisdiction over Defendant's requests in their current form. A district court has the authority to modify a valid sentence only when such authority is expressly authorized by statute. *See, e.g.*, *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000). One such statute is 28 U.S.C. § 2255 ("§ 2255"), which permits, under certain circumstances, a district court to entertain a motion to vacate, set aside or correct a sentence based "upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. However, Defendant has not filed a § 2255 motion. It is within a district court's discretion to "ignore the legal label that a *pro se* litigant attaches to a motion," and to recharacterize it to place it in the appropriate legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). Because Defendant's filings could be reasonably construed as a collateral attack on his sentence, Defendant's self-styled "motion for reconsideration" has a clear underlying basis in § 2255. *See, e,g,. United States v. Mendez-Gil*, No. CR 10-222 PJH, 2014 WL 6705989, at *1 (N.D. Cal. Nov. 26, 2014) ("an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application"). However, before construing Defendant's motion as brought under § 2255, the Court must first inform a petitioner of its intent to do so. *See id.* at 382. Therefore, the Court now cautions Defendant that recharacterizing the motion as arising under § 2255 "means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions," under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 383. The Court must also "provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*.

Accordingly, **IT IS HEREBY ORDERED** that Defendant shall have until **May 26, 2017** to file an appropriate notice electing to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court may construe the motion as one brought under § 2255. The Court additionally cautions Defendant that his failure to respond to this Order may result in the Court dismissing his motion for lack of jurisdiction.

IT IS SO ORDERED.

Dated: __**April 24, 2017**__                    _____/s/ Lawrence J. O'Neill_____
                                                                              UNITED STATES CHIEF DISTRICT JUDGE