# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>ANTONIO RENE MARTINEZ,<br><br>    **Defendant-Petitioner.** | 1:14-cr-00158-LJO-SKO-1<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; SETTING BRIEFING SCHEDULE FOR THE FILING OF ANY OPPOSITION AND REPLY; DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF Nos. 35, 36, 37)** |

On September 2, 2016, Defendant Antonio Rene Martinez was sentenced to a 41 month term of imprisonment based upon his guilty plea to one count of being a deported alien found in the United States in violation of 8 U.S.C § 1326(a). No plea agreement was on file at the time of sentencing. (ECF No. 24).

Petitioner Antonio Rene Martinez filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion," ECF Nos. 35, 36). Included in his Section 2255 Motion, Petitioner requests the Court appoint him counsel pursuant to 18 U.S.C. § 3006A in order to "further develop and perfect the issues raised herein, and to supplement this motion accordingly." (ECF No. 36 at 1). Petitioner concurrently argues that "an evidentiary hearing – or a limited one – is necessary to resolve these questions," in reference to the alleged dispute concerning what Petitioner was told by his counsel concerning a plea agreement and the applicable maximum sentence. (*Id.* at 8-9). The Court here addresses Petitioner's request for

appointment of counsel as well as the Petitioner's misconception that an evidentiary hearing is required by law.

First, there is no constitutional right to habeas counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, it is within a court's discretion to appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255; *see also United States v. Harrington*, 410 F.3d 598, 599-600 (9th Cir. 2005). Further, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Counsel must be appointed to represent indigent defendants in § 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process. *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962). "In the absence of such circumstances, a request for counsel in proceedings under Section 2255 is addressed to the sound discretion of the court." *Id.* at 447.

Here, Petitioner does not differentiate his request for habeas relief from that of any other petitioner and fails to show how the interests of justice would be served by appointing counsel at this stage. The fact that he is incarcerated, lacks transcripts of relevant proceedings, and does not speak English is not sufficient to require that the Court appoint him counsel in the interests of justice. *See United States v. Lobo*, No. 08CR4127WQH, 2012 WL 699469, at *1, *5 (S.D. Cal. Feb. 29, 2012) (declining to appoint counsel for Section 2255 motion even where Defendant contended he was indigent, unlearned in U.S. justice system, and understood very little English); *see also United States v. Ochoa*, No. CV 09-05485 DDP, 2009 WL 2912479, at *1 (C.D. Cal. Sept. 9, 2009). Petitioner articulates the grounds for his ineffective assistance of counsel claim in his Section 2255 Motion and the complexities of the case do not require the appointment of counsel at this juncture.

Petitioner in part bases his request for appointment of counsel on the misconception that he is entitled to an evidentiary hearing due to the nature of the ineffective assistance of counsel

claims he raises. (ECF No. 36 at 8). Petitioner is correct that he would be appointed counsel if an evidentiary hearing is warranted. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, the Court has not yet made a determination concerning the necessity for a hearing.[1] While an evidentiary hearing is sometimes necessary to determine whether assistance of counsel was effective, that is not always the case; in some instances the record is sufficient to make such a determination. *Shah v. United States*, 878 F.2d 1156, 1158–59 (9th Cir. 1989) (where conversations with defense counsel contradict Defendant's previous statements in court, no evidentiary hearing is required "where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record") (internal citation and quotation omitted); *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). "[N]o hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal…[R]ather than conduct a hearing, courts may use discovery or documentary evidence to expand the record." *Shah*, 878 F.2d at 1158-59 (noting that Section 2255 Rules 6-7, as well as case law, make the availability of this option clear) (internal quotations marks and citations omitted).

The court will first determine whether Petitioner's Section 2255 Motion can be resolved by the record in the case. If an evidentiary hearing is deemed necessary, the Court will address Petitioner's request for appointment of counsel at the appropriate time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for the appointment of counsel is DENIED WITHOUT PREJUDICE.

Furthermore, upon preliminary review of the record, the Court believes its decision-making would be aided by the filing of an opposition by the United States. Any such opposition shall be filed on or before October 27, 2017. Upon the filing of any opposition, Petitioner may have 30 days to file a reply.

---

[1] If it plainly appears that the moving party is not entitled to relief, the judge must dismiss the 2255 motion, otherwise the judge must order the United States attorney to file an answer. *See* Rule 4(b) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255. Then the judge must review the answer and the records of the prior proceeding as well as any additional material submitted to determine whether an evidentiary hearing is warranted. *See* Rule 8(a) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255.

Lastly, no filing fee is required for motions brought under 28 U.S.C. § 2255(a). Therefore, Defendant's Motion to Proceed In Forma Pauperis (ECF No. 37) is DENIED AS MOOT.

IT IS SO ORDERED.

    Dated: **September 25, 2017**      /s/ Lawrence J. O'Neill
                                                                             UNITED STATES CHIEF DISTRICT JUDGE