# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>ANTONIO RENE MARTINEZ,<br><br>    Defendant-Petitioner. | 1:14-cr-00158-LJO-SKO-1<br><br>**ORDER FOR EVIDENTIARY HEARING ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>(ECF Nos. 35, 36, 44, 45) |

Antonio Rene Martinez ("Petitioner" or "Martinez"), a prisoner in federal custody, brings a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion," ECF Nos. 35, 36).[1] On July 31, 2014, Petitioner was indicted on charges of being a deported alien found in the United States, in violation of 18 U.S.C. § 1326 (a) and (b)(2). ECF No. 1. It is alleged that Martinez was deported from the United States on or about June 22, 2005, after being convicted of one or more aggravated felonies on or about December 7, 2001, specifically assault with a deadly weapon in violation of California Penal Code § 245(a)(1). *Id.* Martinez was found within the State on or about June 15, 2014. *Id.* Martinez was arrested in the

---

[1] Martinez filed his Section 2255 motion, received on September 1, 2017, with a request that he be permitted to supplement it. ECF No. 35. On September 11, 2017, he filed a supplement to the motion detailing the basis for his motion. ECF No. 36. Martinez originally filed a motion for reconsideration of the judgment and commitment on March 2, 2017 which the Court notified him it would construe as a Section 2255 motion and gave him the opportunity to withdraw or amend it with any further Section 2255 claims before construing it as such a motion. ECF Nos. 30-31. On May 18, 2017, Martinez withdrew the request. ECF Nos. 33-34.

1

Northern District of California in August 2015 and ordered transported to the Eastern District. ECF No. 3. Petitioner was arraigned on September 10, 2015 and entered a plea of not guilty. ECF No. 4. On August 29, 2016, Martinez entered an open guilty plea, without entering into a plea agreement, to one count of being a deported alien found in the United States in violation of 8 U.S.C § 1326(a). ECF No. 24.

Martinez states that he received ineffective assistance of counsel in two respects: 1) his attorney incorrectly advised him of the sentencing guideline maximum which caused him to reject a plea agreement and instead enter an open guilty plea to one count for violation of 8 U.S.C. § 1326(a); and 2) his attorney did not advise him of a potential affirmative defense to the charge under 8 U.S.C. § 1326. ECF No. 36 at 4-8. Namely, Martinez contends that his attorney did not advise him that he could collaterally attack the underlying deportation order if he proceeded to trial in this illegal re-entry case. *Id.* at 7.[2]

The government filed an opposition to Martinez's Section 2255 Motion and included a declaration from Martinez's counsel, Mr. Kevin Little, as well as other documentary evidence. Mr. Little's declaration directly refutes Martinez's assertions about the advice he received both on the potential sentence and on whether he advised Martinez about the possibility of collateral attack at trial to the charge. ECF No. 44, Exhibit A, "Little Decl.," at ¶¶ 12-18.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 694. In evaluating whether a defendant received ineffective assistance of counsel, "[w]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Elmore v. Sinclair*, 799 F.3d 1238, 1252 (9th Cir. 2015) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In a criminal prosecution under 8 U.S.C § 1326, a defendant has a Fifth Amendment right to collaterally attack his underlying immigration removal order in the criminal proceeding "because

---

[2] In passing reference, Martinez also states that his attorney did not file a direct appeal as requested by Martinez but provides no details about this. *Id.* at 8.

2

the removal order serves as a predicate element of his conviction." *United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1047 (9th Cir. 2004). "To sustain a collateral attack under § 1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." *Id.* at 1048 (citing 8 U.S.C. § 1326(d)). An underlying deportation proceeding is "fundamentally unfair" if "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Id.* (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194 (9th Cir. 1998); *see United States v. Muro–Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) ("To establish prejudice, [the defendant] 'does not have to show that he actually would have been granted relief. Instead, he must only show that he had a "plausible" ground for relief from deportation.'") (citation omitted).

At least one other district court has found that a Petitioner received ineffective assistance of counsel when he was not advised of his legitimate defense to the charge in the indictment for violation of 8 U.S.C. § 1326. *See United States v. Mancilla-Garcia*, No. CR-09-159, 2011 WL 3715042, at *3 (E.D. Wash. Aug. 24, 2011) ("The record reflects Defendant was not advised by his counsel that he had a legitimate defense to the Indictment relating to the validity of the underlying deportation proceedings. Counsel's performance was deficient and the Defendant was prejudiced by such deficiency."). The Court in that case granted petitioner's Section 2255 motion, after evaluating the evidence before it concerning whether defendant's due process rights were violated during the deportation proceedings, and finding that a due process violation occurred at the deportation hearing because petitioner was errantly informed by the immigration judge ("IJ") that he was not eligible for Section 212(c) relief. *Id.* at *2-3. The Ninth Circuit has found deportation proceedings fundamentally unfair in cases where the immigration judge failed to advise an alien of the right to eligibility for relief from deportation. *See*, *e.g.*, *United States v. Ortega-Ascanio*, 376 F.3d 879, 886–87 (9th Cir. 2004) ("the IJ was required to advise Ortega-

Ascanio that he was eligible to apply for § 212(c) discretionary relief even if he had been convicted of an aggravated felony.").

Martinez does not offer any facts which would support how or why the entry of the underlying removal order was fundamentally unfair or violated his due process rights. Accordingly, it remains wholly unclear whether the alleged failure to advise him of his right to collateral attack may have amounted to ineffective assistance of counsel. The Court does not have enough information about the removal proceedings to make a determination about the likelihood of success of such a defense in order to determine if the alleged failure to advise him of the defense could have prejudiced Martinez under the *Strickland* analysis.[3]

The Court believes it is not efficient to engage in the in-depth factual analysis required to determine if there was prejudice as a result of the alleged failure to advise Martinez of an affirmative defense, if there was no failure to advise in the first instance. Because Martinez and his attorney offer conflicting accounts of what Martinez was advised of regarding his potential defense and sentencing guidelines maximum, the Court finds that an evidentiary hearing is necessary to first resolve whether counsel's performance was deficient. *See* 28 U.S.C. § 2255(b) (a court must hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Howard,* 381 F.3d 873, 877 (9th Cir. 2004) (an evidentiary hearing is required if (1) a petitioner alleges specific facts which, if true, would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief).

---

[3] The Court notes that although the government attached certain documents related to Martinez's immigration proceedings to its opposition, there is insufficient information concerning the removal order and deportation proceedings. ECF No. 44 at 10. The government attached a page concerning the charges against Martinez in the removal proceedings (Exhibit C); an October 23, 2015 order of the immigration court denying a motion to reopen the deportation proceedings (Exhibits D & G); a motion to vacate Martinez's conviction under California Penal Code § 288(a) (Exhibit E); the state court order granting the motion to vacate the conviction (Exhibit F); and the December 30, 2015 decision of the Board of Immigration Appeals denying Martinez's appeal of the decision denying his request to reopen proceedings (Exhibit H). It appears that the document that was transmitted to the Court as Exhibit D is not what is described to be in the government's brief, but instead a duplicate copy of Exhibit G.

4

| | |
|---|---|
| 1 | This Court previously denied Martinez's request for appointment of counsel without prejudice, indicating it had not yet made a determination concerning whether an evidentiary hearing was necessary. ECF No. 38 at 3. Because the Court now deems an evidentiary hearing would be helpful in this matter, the appointment of counsel is appropriate. *See* Rule 8(c), Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C.A. foll. § 2255 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); *see Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) ("appointment of counsel becomes mandatory, when an evidentiary hearing is required"); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995). |

Therefore, the matter is referred to the FDO for appointment of counsel. The Clerk of Court is **DIRECTED to add the FDO's Panel Administrator, Connie Garcia (Connie_Garcia@fd.org), to the service list** prior to docketing of this Order.

The evidentiary hearing is set for **October 15, 2018 at 1:30 p.m**. The hearing will be limited to credibility issues to determine who is accurate and/or truthful regarding what was or was not told to Defendant by counsel.

IT IS SO ORDERED.

Dated: **August 15, 2018**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE